SARAH J. HELMER, Administratrix, v. J. C. YETZER, Appellant.

Partnership: INTEREST AS EXPENSE. A firm agreed to furnish a buyer money with which to buy stock, without stating that it had the money or how it would be obtained. As compensation, said buyer was to have a share in the profit of the venture, realized by one member of the firm. The money was obtained by borrowing on interest. *Held*, the interest paid is to be treated as expense in determining the buyer's compensation.

PLEADING AND PRACTICE. Where defendant, in an accounting between partners, simply denies plaintiff's claim that a profit was made, and the evidence shows a loss instead of a profit, defendant can not recover half of such loss from plaintiff.

*Appeal from Cass District Court.*—HON. GEORGE CARSON, Judge.

FRIDAY, DECEMBER 14, 1894.

ACTION in equity for an accounting and settlement of partnership affairs, and to recover an amount alleged to be due. A referee was appointed to take the evidence in writing, and to report it to the court, with his findings of facts and conclusions of law. Evidence was taken, and a report made by the referee, upon which judgment was rendered in favor of the plaintiff. Defendant appeals.—*Modified and affirmed.*

*Rockafellow & Scott, R. G. Phelps,* and *J. B. Rockafellow* for appellant.

*Willard & Willard* and *H. G. Curtis* for appellee.

ROBINSON, J.—In March, 1884, C. J. Helmer commenced an action in equity against the defendant. His petition alleged that certain partnership relations existed between himself and the defendant, and asked for an accounting and complete settlement. In June of the same year, Helmer commenced against the defendant an action at law, in which he sought to recover on an account for services rendered, money expended, and articles of various kinds furnished. The defendant, by way of counterclaim, sought to recover of plaintiff for sums of money belonging to the defendant, alleged to have been received by the plaintiff, and not accounted for. The two actions were consolidated and tried as an action in equity. The report of the referee was filed in September, 1889. It found that the defendant was entitled to recover of the plaintiff one thousand, five hundred and seventy-six dollars and thirty-five cents, and that there was due the plaintiff in excess of the amount due from him the sum of four thousand, two hundred and nine dollars and eighty cents, with interest thereon at the rate of six per cent per annum from June 12, 1884. Each party filed exceptions to the report, which were overruled, and in September, 1890, judgment was rendered in favor of the plaintiff for the sum of five thousand, five hundred and seventy-five dollars and ninety-five cents, and each party was required to pay one half the costs. The death of C. J. Helmer having been suggested, his administratrix has been substituted as plaintiff. The plaintiff alleges that an appeal was taken by Helmer, but we find nothing in the record to sustain the claim. It is immaterial, however, as the plaintiff has waived any error prejudicial to her, and only asks that the judgment of the district court be affirmed. Therefore, the cause will be considered as though an appeal had not been taken by the plaintiff.

I.   The referee found that the plaintiff was entitled to recover various items set out in the first sixteen findings, in the aggregate sum of two hundred and eighty dollars and seventy-five cents.   We think these findings are sustained by the evidence.   The same is true of the finding that the plaintiff was entitled to recover three hundred and ninety-four dollars and fifty cents for services rendered in purchasing cattle for the defendant.   It is also true of the twentieth finding for the sum of four dollars and seventy cents.

II.   In the spring of the year 1880, Helmer, the defendant, and one Baugher, made an arrangement by which they bought and sold stock, the interest of each in the business being the same as that of each of the others.   The returns of the shipments were made to the defendant.   At one time there appeared to be a profit in the business of eight hundred dollars, or nine hundred dollars.   But after that other shipments were made, which resulted in loss.   The defendant claims that the apparent profit was not made, but was due to a mistake in estimates, and that the business really resulted in a loss of two thousand, four hundred and thirty-four dollars and sixty cents; and we are of the opinion that the evidence sustains the claim.   The referee found that the plaintiff was entitled to recover two hundred and fifty dollars as his share of the profits of the business.   The defendant claims, in argument, that he should have been allowed one third of the loss, but we find no basis in the pleadings for such an allowance, and it does not appear that any claim for it was made in the district court.   The defendant denied the right of the plaintiff to recover on account of this part of their business, but did not ask affirmative relief on account of it.   Therefore, we can only set aside the allowance in favor of the plaintiff.

III.   In October, 1879, Helmer, the defendant, a man named Hudson, and one Applegate, purchased

and sold hogs together, at a profit of over seven hundred dollars. Each of the persons designated was entitled to one fourth of the profits. The returns for the hogs sold were made to the defendant and Applegate, as partners. The plaintiff was paid but seventy-five dollars on account of his share of the profits, and was properly allowed one hundred dollars by the referee, in addition.

IV. The twenty-third finding of the referee was in favor of the plaintiff for various items to the amount of two hundred and eighty-six dollars and forty-two cents. There is evidence to support the finding, and it does not seem to be questioned by the defendant. Therefore it will not be disturbed.

V. The twenty-fourth finding was in favor of the plaintiff for the sum of one hundred and forty-six dollars and seventy-nine cents. That was adjudged to be due as one half the profits realized on certain purchases and sales made by Helmer for himself and Yetzer. But the total profits claimed to have been made by the plaintiff do not amount to the sum allowed, and the evidence satisfies us that an apparent profit of about seventy dollars is shown from a part of the sales only, and that all the purchases and sales made under that arrangement, taken together, resulted in a loss. Therefore, there should not be any allowance in favor of the plaintiff for any of them. ·

VI. The twenty-sixth finding is as follows: "It is found as a fact that, in the latter part of 1878, the defendant, and W. H. Applegate, S. J. Applegate, and A. Griffin formed a copartnership under the name and style of W. H. Applegate & Co. The business of said firm was to run and operate a packing house at Atlantic, Iowa. The firm commenced business in November or December, 1878, and continued until the last days of 1881. No member of the firm contributed any money to operate the business of said firm. All the money used by said

firm in the prosecution of its business was borrowed, and there were borrowed by said firm many hundreds of thousands of dollars, and said firm paid out as interest for the use of the money so borrowed the total sum of nineteen thousand, four hundred and seventy-two dollars and sixty-two cents. The defendant had and held a one fourth interest in said firm during all the time of its existence. It appears that, about the time said firm was ready to commence business, the said firm, through the defendant, entered into an agreement with the plaintiff whereby it was agreed that the plaintiff should buy hogs fit for its purposes for the said W. H. Applegate & Company, and that W. H. A. & Co. would furnish all the money necessary for plaintiff to purchase the hogs, and ship the same to said firm, and that the said firm would receive all said hogs so purchased by plaintiff, and reduce the same to meats, and sell the products of said hogs; and, if plaintiff purchased more hogs than said firm could receive and reduce, the defendant agreed to ship all such hogs, and share the profits on such shipments with plaintiff, share and share alike; and it was agreed that plaintiff should receive for his labor in buying hogs for W. H. Applegate & Company one half of the defendant's share of the profits of said firm. It appears that, under said agreement, the plaintiff bought and shipped hogs to W. H. Applegate & Company during the time said firm was operating the packing house at Atlantic, Iowa; and it also appears that plaintiff has received no compensation for his services rendered for said firm from defendant or other person or firm. It appears that W. H. Applegate & Company furnished the plaintiff with the money with which said hogs were purchased, and it also appears that said firm furnished plaintiff no money for the purchase of said hogs except as the same was borrowed by said firm, and for the use of which they were compelled to, and did, pay interest.

"It is found that said firm, after paying interest as hereinbefore stated, earned, as net profits in operating said business for the time hereinbefore stated, the sum of fifteen thousand, one hundred and eleven dollars and thirty-nine cents, and that the share of defendant therein is three thousand, seven hundred and seventy-seven dollars and eighty-four cents, and that plaintiff is entitled to one half of said sum of three thousand, seven hundred and seventy-seven dollars and eighty-four cents, to wit, one thousand, eight hundred and eighty-eight dollars and ninety-two cents. It is considered that, in finding the profits of the firm of W. H. Applegate & Company, under the contract heretofore found between plaintiff and said firm, the interest found to have been paid by said firm, to wit, the sum of nineteen thousand, four hundred and seventy-two dollars and sixty-two cents, should be regarded as a part of the profits of said firm as between the parties to this action; and therefore plaintiff is entitled to have and recover of and from the defendant the one eighth part of the sum so paid as interest, to wit, two thousand, four hundred and thirty-four dollars and seven cents. It is considered that plaintiff should have and recover of and from the defendant, as set out in this paragraph of this report, the sum of four thousand, three hundred and twenty-two dollars and ninety-nine cents." That an agreement was made, and a business carried on, as found by the referee's report, is clearly shown. It is also shown that the firm of W. H. Applegate & Company paid, as interest on the capital used in the business, an aggregate of twenty-three thousand, nine hundred and thirty-two dollars and eleven cents. It is claimed, however, that there was no profit in the business, and that the plaintiff was not entitled to any allowance for interest paid by the firm. The business was investigated in *Yetzer v. Applegate*, 83 Iowa, 727, 50 N. W. Rep. 66. The defendant contends that the

business resulted in a loss of more than twenty-one thousand dollars. It is true that, when the firm went out of business, it owed more than the sum specified, and that its assets consisted of the packing house plant. But it also appears that about twenty-seven thousand dollars invested in buildings and machinery were taken from the business, and the plaintiff was not required to contribute anything to those purposes. He was to be furnished money with which to buy stock, and was to have, as compensation for what he should do, one half of Yetzer's fourth of the profits of the business. But we find nothing in the record to justify the conclusion that the interest paid by the firm should be treated as profits in which the plaintiff should share. He was to be furnished with funds which he required to make purchases, but nothing was said as to how they should be obtained by the firm, and no representations were made in regard to its capital. The interest paid was an expense of conducting its business, which should have been considered in estimating the profits. It is said that there is as much reason for charging the plaintiff with rent for the use of the packing house plant as for interest on the capital used. That would have been true had the plant been rented, and not owned by the company. But it was a part of its investment in the business, and the capital in question was not, excepting as it was borrowed for the purpose. It appears that, treating the interest paid as an expense, and allowing nothing for money invested in improving the plant, the profit of the business was sixteen thousand and seventy dollars and sixty-seven cents, and the plaintiff was entitled to one eighth of that amount, or to two thousand and eight dollars and eighty-three cents.

VII. It appears from the conclusion announced that the sums which were due from the defendant to Helmer amounted at the commencement of this action

to three thousand and seventy-five dollars and twenty cents. From that amount must be deducted the sum of one thousand, five hundred and seventy-six dollars and thirty-five cents, found by the referee to be due from the plaintiff to the defendant. It thus appears that the plaintiff is entitled to recover from the defendant the sum of one thousand, four hundred and ninety-eight dollars and eighty-five cents, with interest thereon at six per cent per annum from the thirteenth day of June, 1884. Judgment will be rendered in favor of the plaintiff for that amount. One half of the costs of the appeal will be paid by each party. The judgment of the district court is MODIFIED AND AFFIRMED.